UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEQUAN LYNN HALL,
By JERRY DWAYNE KING, Jr., Next
Friend,

      Petitioner,

v.

WAYNE COUNTY SHERIFF,

      Respondent.

Case No. 26-cv-10022

Honorable Robert J. White

**OPINION AND ORDER SUMMARILY DISMISSING AS MOOT THE
PETITION FOR A WRIT OF HABEAS CORPUS, DENYING THE
EMERGENCY MOTION FOR IMMEDIATE RELEASE, AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR
LEAVE TO APPEAL *IN FORMA PAUPERIS***

On January 6, 2026, Petitioner Dequan Lynn Hall's Petition for a Writ of
Habeas Corpus was filed by his purported "next friend" Jerry Dwayne King, Jr. The
Petition originally challenges Petitioner's then pending prosecution in the Wayne
County Circuit Court for first-degree criminal sexual conduct, kidnapping, felonious
assault, felon in possession of a firearm, and several counts of possession of a firearm
in the commission of a felony. But Petitioner's case has since been dismissed. So his
Petition for a Writ of Habeas Corpus will be summarily dismissed as moot, and his
remaining Motion for Immediate Release will be denied as moot.

- 1 -

## I.

Petitioner was originally tried on charges of first-degree criminal sexual conduct, kidnapping, felonious assault, felon in possession of a firearm, and several counts of possession of a firearm in the commission of a felony in the Wayne County Circuit Court. A mistrial was declared on February 14, 2025, when the jurors were unable to reach a verdict. Hall's retrial was scheduled for February 23, 2026. However, on that date, the case was dismissed against Hall.[1]

King, in the Petition filed on behalf of Hall, alleges that: (1) Hall is being detained without probable cause because he is innocent, (2) Hall's statements were obtained in violation of *Miranda v. Arizona,* (3) suggestive identification and *Brady* violations, (4) the decision to retry Hall following a hung jury violates his right against Double Jeopardy, and (5) a request for Hall's immediate release.  King separately filed an emergency Motion for Immediate Release.

## II.

The Petition must be dismissed because Hall's claims have been mooted by the dismissal of his criminal charges.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This means

---

[1] This Court obtained some of the information regarding Mr. Hall's case from the Wayne County Circuit Court docket sheet. https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=4080015.

that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Federal constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999).  "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986).  Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Brock v. U.S. Dep't of Justice,* 256 F. App'x 748, 750 (6th Cir. 2007).

The current Habeas Petition has been rendered moot by the dismissal of the charges against Hall. *See Piskanin v. Krysevig*, 349 F. App'x 683, 685 (3d Cir. 2009) (Former pretrial detainee's habeas petition seeking relief from check-related charges in state court which were allegedly barred by double jeopardy was moot, where charges were dismissed by entry of *nolle prosequi* and the possibility that charges would be reinstated in the future was so speculative that any decision on the merits

of habeas petition would be merely advisory and not in keeping with Article III case-or-controversy requirement).

### III.

The Court will summarily dismiss the Petition for a Writ of Habeas Corpus. The Court will also deny a certificate of appealability to Hall.  28 U.S.C. § 2253 governs appeals in habeas corpus proceedings.  Whether a habeas petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of the habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001) (a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); *Winburn v. Nagy,* 956 F.3d at 912 (pre-trial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated in this Opinion, the Court denies a certificate of appealability because any request for pre-trial habeas relief is now moot. *See, e.g., McKinney-Bey v. Hawk-Sawyer,* 69 F. App'x 113 (4th Cir. 2003).  The Court will also deny the Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No.1, is **SUMMARILY DISMISSED AS MOOT**.

Further, it is **ORDERED** that the Emergency Motion for Immediate Release, ECF No. 3, is **DISMISSED AS MOOT**.

Further, it is **ORDERED** that Dequan Hall is denied a certificate of appealability or leave to appeal *in forma pauperis.*

Dated: March 16, 2026                    s/Robert J. White
                                         Robert J. White
                                         United States District Judge